IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BARRY LAMONT PRIC E, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civ. No. 15-1202-JDT-egb |
| ) | Crim. No. 01-10024-JDT |
| FRANKIE WELCH, ) | |
| ) | |
| Defendant. ) | |

ORDER TRANSFERRING § 2255 MOTION AS
SECOND OR SUCCESSIVE PURSUANT TO 28 U.S.C. § 2244(b)(3)

On August 17, 2015, the Movant, Barry Lamont Price, Bureau of Prisons register number 17797-076, an inmate at the U.S. Penitentiary McCreary in Pine Knot, Kentucky, filed a *pro se* motion pursuant to 28 U.S.C. § 2255, accompanied by a legal memorandum and several exhibits. (ECF Nos. 1 to 1-18.) On September 28, 2015, Movant filed a motion requesting a speedy ruling and emergency re-sentencing. (ECF No. 5.)

On May 18, 2001, a federal grand jury returned a one-count indictment charging Price with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was tried before a jury and convicted on September 7, 2001. Under 18 U.S.C. § 924(a)(2), the maximum term of imprisonment for a violation of § 922(g) is ten years unless the sentence is subject to enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). In Defendant's case, the Presentence Investigation Report recommended

enhancement under the ACCA because Defendant had three previous convictions for distributing cocaine in violation of state law and was sentenced to ten years of incarceration for each conviction. On December 5, 2001, the Court sentenced Defendant to a 264-month term of incarceration. Defendant's conviction and sentence were affirmed on appeal. *United States v. Price*, 329 F.3d 903 (6th Cir.), *cert. denied*, 540 U.S. 920 (2003).

On April 23, 2004, Price filed a motion pursuant to 28 U.S.C. § 2255, *Price v. United States*, No. 04-1086-JDT-egb (W.D. Tenn.), which was denied on August 11, 2006. A motion to reconsider was also denied. The Sixth Circuit affirmed the denial of the § 2255 motion. *Price v. United States*, 250 F. App'x 719 (6th Cir. 2007), *cert. denied*, 553 U.S. 1089 (2008). Since that time, Price has filed numerous motions attempting to challenge his conviction.[1]

In this new § 2255 motion, Price asserts that he is no longer ACCA qualified because two of his three predicate convictions for serious drug offenses were vacated and dismissed

---

[1] Price filed a motion to recall the Sixth Circuit's mandate, which was also denied. *Price v. United States*, No. 06-6313 (6th Cir. Jan. 28, 2010), *cert. denied*, 131 S. Ct. 167 (2010). Price then filed a motion pursuant to Fed. R. Civ. P. 60(b), which was denied. (No. 04-1086, ECF Nos. 36, 37, & 40.) On appeal, the Sixth Circuit treated the motion as a request to file a successive § 2255 motion and denied leave. *Price v. United States*, No. 11-5122 (6th Cir. Sept. 21, 2011). A second Rule 60(b) motion was also denied (No. 04-1086, ECF Nos. 44 & 47), and leave to file a successive § 2255 motion again was denied on appeal. *Price v. United States*, No. 12-5586 (6th Cir. Dec. 28, 2012). Price then filed a motion pursuant to Fed. R. Civ. P. 59(e), which this Court transferred to the Sixth Circuit (No. 04-1086, ECF Nos. 48 & 49), where leave to file a successive § 2255 motion was denied. *In re Price*, No. 12-5530 (6th Cir. Oct. 31, 2012). On August 26, 2013, Price filed a motion to amend his § 2255 motion to present a new theory of ineffective assistance of counsel, which this Court again transferred to the Sixth Circuit as second or successive. (No. 04-1086, ECF Nos. 55 & 56.) He was subsequently granted leave to voluntarily dismiss that petition. *In re Price*, No. 13-6155 (6th Cir. Dec. 17, 2013).

2

by a state court on June 1, 2015. However, this Court lacks the authority to decide the § 2255 motion because the Sixth Circuit has not approved its filing. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Regardless of whether the motion is based on newly discovered facts, "only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus." *Barrett v. United States*, No. 2:15-CV-02876, 2015 WL 5836011, at *1-2 (S.D. Ohio Oct. 7, 2015) (citing *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996)); *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (correct procedure is for district courts to transfer second or successive habeas petitions and § 2255 motions to the Court of Appeals pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 2244(b)(3)).

Accordingly, Price's motion to vacate sentence is hereby TRANSFERRED to the Sixth Circuit under 28 U.S.C. § 2244(b)(3). The Clerk is directed to close this case without entry of judgment.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE